# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHERINE L. FLEMING,
  Appellant,

v.

DEPARTMENT OF THE INTERIOR,
  Agency.

DOCKET NUMBER
AT-1221-11-0460-B-2

DATE: September 22, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Katherine L. Fleming, Homestead, Florida, pro se.

Vicki V. Mott, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only when:  the remand initial decision contains erroneous findings of material fact; the remand initial decision is based on an erroneous interpretation of statute or regulation or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the remand initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the administrative judge took an overly restrictive view of the second factor set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the remand initial decision.

## BACKGROUND

¶2     Effective September 18, 2005, the agency appointed the appellant to a GS-11 Museum Curator position with the agency's National Park Service, Everglades National Park (Everglades), for a term not to exceed October 17, 2006, subject to her completion of a 1-year trial period. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-W-1, Initial Appeal File (IAF), Tab 5, Subtab 4A. Effective June 24, 2006, the agency terminated the appellant for unacceptable behavior and unsatisfactory performance. *Id.*, Subtabs 4B-4C. After exhausting her administrative remedies with the Office of Special Counsel, the appellant filed an IRA appeal and requested a hearing, alleging that her termination was in retaliation for her protected whistleblowing activity. IAF, Tab 1.

¶3     Without holding a hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial

Decision. On review, the Board found that the appellant had met her burden of showing that the Board has jurisdiction over her IRA appeal. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-W-1, Remand Order at 11 (Aug. 3, 2012) (W-1 Remand Order). Specifically, the Board found that the appellant's February 6, 2006 disclosure to her second-level supervisor (who also was the deciding official in the termination action) that she and a coworker had been exposed to toxic chemicals in October 2005, while painting cannons at the Dry Tortugas National Park (Dry Tortugas), and that she had suffered injuries, constituted a nonfrivolous allegation of a substantial and specific danger to public health and safety. *Id.* at 8-9; IAF, Tab 15, Subtab 4O. The Board further found that the appellant nonfrivolously alleged that this disclosure was a contributing factor in the agency's decision to terminate her under the knowledge/timing test of 5 U.S.C. § 1221(e), because the disclosure predated the appellant's termination letter by more than 4 months and the deciding official was clearly aware of the disclosure, as he was the recipient of the memorandum in which the disclosure was made. W-1 Remand Order at 10-11. Therefore, the Board vacated the initial decision and remanded the appeal to the Atlanta Regional Office for a hearing and adjudication on the merits. *Id.* at 11-12.

¶4     After a hearing on remand, the administrative judge issued a remand initial decision denying the appellant's request for corrective action. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-1, Remand File, Tab 16, Remand Initial Decision (B-1 RID). The administrative judge found that the appellant failed to prove that she made a protected disclosure because her February 6, 2006 disclosure revealed information that the deciding official already knew. B-1 RID at 4. The administrative judge also found that, assuming arguendo that the disclosure was protected and was a contributing factor to the appellant's termination, the agency proved by clear and convincing evidence that it would have terminated the appellant during her probationary

period even in the absence of the disclosure. B-1 RID at 4-6. In making this finding, the administrative judge noted that the appellant challenged her supervisor's assertions regarding her performance and misconduct, but concluded that it was not necessary for him to consider whether the appellant's supervisor's criticisms of the appellant were correct because the issue in this appeal was the deciding official's state of mind and whether he would have terminated the appellant in the absence of her alleged whistleblowing activity. B-1 RID at 5.

¶5    The Board granted the appellant's petition for review, finding that, based upon the Whistleblower Protection Enhancement Act of 2012, the appellant's February 6, 2006 disclosure was protected even though it revealed information that the deciding official already knew. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-1, Remand Order at 1, 4 (July 7, 2014) (B-1 Remand Order). The Board also found that the administrative judge's analysis of the clear and convincing evidence issue did not comply with the decision of the U.S. Court of Appeals for the Federal Circuit in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012). B-1 Remand Order at 6-7. The Federal Circuit in *Whitmore* held that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore*, 680 F.3d at 1368. The court further determined that "[i]t is error for the [Board] to not evaluate all the pertinent evidence in determining whether an element of a claim or defense has been proven adequately." *Id.*

¶6    The Board found that, pursuant to *Whitmore*, the administrative judge was required to consider the appellant's evidence and arguments that her supervisor's assertions about her performance and conduct were unreasonable, as well as any other evidence that detracted from the agency's claim that it terminated the appellant's employment based only on her performance, including evidence pertaining to the existence and strength of a retaliatory motive by the agency.

B-1 Remand Order at 7.  Accordingly, the Board remanded the appeal again for a new determination as to whether the agency proved that it would have terminated the appellant even in the absence of her protected whistleblowing activity.  *Id.* The Board directed the administrative judge to reconsider the record as a whole and make thoroughly-reasoned findings that address both the evidence supporting his conclusions and the countervailing evidence.  *Id.*

¶7    Following a hearing on remand, the administrative judge issued a remand initial decision on November 21, 2014, denying the appellant's request for corrective action.  *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-2, Remand File (B-2 RF), Tab 11, Remand Initial Decision (B-2 RID) at 1-2, 7.  The administrative judge found that the appellant established that she made a protected disclosure and that her protected disclosure was a contributing factor to her termination under the knowledge/timing test.  B-2 RID at 3.  The administrative judge further found, however, that the agency showed by clear and convincing evidence that it would have taken the same personnel action even in the absence of whistleblowing.  B-2 RID at 6-7.

¶8    The appellant has filed a timely petition for review of the remand initial decision.[2]  Remand Petition for Review (RPFR) File, Tab 1.  The agency has not responded to the petition for review.

---

[2] The appellant filed her petition for review on December 22, 2014.  *See* Remand Petition for Review (RPFR) File, Tab 1.  By notice dated January 5, 2015, the Office of the Clerk of the Board incorrectly informed the appellant that the initial decision was issued on October 21, 2014, and that her petition for review was untimely filed because it was not postmarked or received in the Clerk's office on or before November 25, 2014, the 35th day following the issuance of the initial decision.  RPFR File, Tab 2 at 1 (citing 5 C.F.R. § 1201.114(e)).  As noted above, however, the remand initial decision was issued on November 21, 2014.  B-2 RID at 1.  Thus, we find that the appellant's petition for review is timely.  Given our determination that the petition for review was timely filed, we need not rule on the appellant's motion to accept her petition for review as timely filed.  RPFR File, Tab 3.

**ANALYSIS**

¶9    In an IRA appeal, after establishing the Board's jurisdiction, the appellant then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.  5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012).  If the appellant meets that burden, the Board shall order such corrective action as it considers appropriate unless the agency shows by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(1)-(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011).  Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard.  *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(d).

¶10    The sole issue before the Board on review is whether the agency met its burden of proving by clear and convincing evidence that it would have terminated the appellant even in the absence of her whistleblowing.  *See* B-2 RF, Tab 5 at 3.  In determining whether an agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Carr*, 185 F.3d at 1323.  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence.  Rather, the Board will weigh the factors together to determine whether the evidence is clear and

convincing as a whole. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

The strength of the agency evidence in support of the appellant's termination.

¶11     Regarding the first *Carr* factor, the administrative judge found that the agency showed that it had valid reasons to terminate the appellant during her trial period. B-2 RID at 4. In making this finding, the administrative judge considered the hearing testimony of the appellant's immediate supervisor and the deciding official regarding their reasons for terminating the appellant, as well as the appellant's arguments pertaining to this factor. B-2 RID at 4-5. The administrative judge noted that the appellant's supervisor testified that she had serious concerns regarding both the appellant's performance and conduct. B-2 RID at 4. In particular, she stated that the appellant did not listen to directions, was unwilling to communicate with her about the status of her work, argued with her, and failed to timely follow instructions. *Id.* In his hearing testimony, as summarized in the remand initial decision, the deciding official stated that the appellant's supervisor began coming to him with her concerns regarding the appellant almost immediately after she was hired, and that an experienced archivist at another national park who reviewed the appellant's work at his request provided unfavorable feedback regarding her performance. B-2 RID at 5. The deciding official also testified that he decided to remove the appellant because her conduct and performance were unacceptable and threatened Everglades' ability to meet its goals. B-2 RID at 6.

¶12     Turning to the appellant's arguments regarding the first *Carr* factor,[3] the administrative judge noted that the appellant challenged her supervisor's claims. B-2 RID at 4. More specifically, the administrative judge stated that, although the appellant acknowledged that she and her supervisor frequently discussed her

---

[3] The remand initial decision does not indicate whether the administrative judge's analysis of the appellant's arguments was based on her hearing testimony, her written arguments, or both. *See* B-2 RID at 4.

supervisor's dissatisfaction with her performance, she denied having willfully failed to follow her supervisor's instructions. *Id.* Rather, the appellant contended that her supervisor's instructions were frequently unclear and contradictory, as she would tell the appellant to do one thing and then, later, tell her to do something entirely different. *Id.* The appellant claimed that if she agreed with her supervisor, she was accused of condescension; however, if she disagreed, she was accused of insubordination. *Id.*

¶13 The administrative judge found that the appellant's supervisor had the right to have her instructions followed even if the appellant disagreed with them. B-2 RID at 4-5. The administrative judge did not explicitly find that the appellant failed to follow her supervisor's instructions or make any explicit credibility determinations. However, in light of his conclusion that the agency showed that it had valid reasons to terminate the appellant, the administrative judge evidently credited the testimony of the appellant's supervisor and implicitly found that the appellant failed to follow instructions. The appellant challenges this finding on review, reiterating her argument that her supervisor's instructions were frequently unclear and contradictory. RPFR File, Tab 1 at 14. We find that this argument constitutes mere disagreement with the administrative judge's implied finding that the appellant failed to follow instructions and, as such, provides no basis for disturbing the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶14 The appellant also challenges the administrative judge's implied credibility findings on review, alleging that agency witnesses displayed numerous inconsistencies, omissions, and misrepresentations in their testimony. RPFR File, Tab 1 at 4. For example, the appellant alleges that her supervisor implied that photographs of waste cans were taken during the 2005 Dry Tortugas project; however, she claims they were actually taken at a later date. *Id.* at 4-5. The appellant also asserts that her supervisor provided inconsistent statements regarding the solvent that was used on cannons during the Dry Tortugas project,

initially stating that toluene was used but subsequently testifying that xylene was used. *Id.* at 5-6. We have reviewed the record and we discern no specific error with the administrative judge's credibility determinations. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The alleged discrepancies cited by the appellant relate to minor matters and do not constitute sufficiently sound reasons to disturb the administrative judge's implied credibility findings. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 459 (1987) (determining that inconsistent statements do not necessarily render a witness's testimony incredible).

¶15      Based on our review of the record, we find that the evidence in support of the appellant's termination was very strong. The agency's reasons for terminating the appellant are supported by testimony as well as documentation showing that the agency's concerns regarding the appellant's conduct predated her protected disclosure of February 6, 2006. In particular, as noted in the remand initial decision, the appellant's supervisor first approached the deciding official regarding her concerns about the appellant's conduct almost immediately after she was hired. B-2 RID at 5; *see* IAF, Tab 15, Subtab 4M at 1. By January 13, 2006, those concerns had escalated to the point that the appellant's supervisor sent the deciding official a memorandum asking to terminate the appellant for misconduct. IAF, Tab 15, Subtab 4L at 1-2. With her memorandum, the appellant's supervisor submitted a lengthy document detailing the appellant's misconduct from early October until mid-January.[4] *Id.* at 3-13.

---

[4]  After discussions involving the deciding official and Everglades' Deputy Superintendent, the appellant's supervisor issued the appellant a proposed 3-day suspension on January 26, 2006, based on a charge of failure to follow supervisory

¶16     Moreover, the deciding official did not rely solely on the opinions of the appellant's supervisor in deciding to terminate the appellant. As noted in the remand initial decision, instead of simply accepting the appellant's supervisor's opinions regarding the appellant's conduct and performance, the deciding official asked an experienced archivist at another national park to provide him with an opinion regarding the appellant's performance, and those findings were adverse to the appellant. B-2 RID at 6; *see* IAF, Tab 5, Subtab 4F (stating that the appellant was resistant to taking direction and imparting information). Notably, the archivist expressed concern that, in light of the appellant's slow rate of progress on a project that she had been assigned, the project would not be completed and the Everglades would lose funding. IAF, Tab 5, Subtab 4F. The archivist's written report strongly supports the agency's decision to terminate the appellant.

The existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision.

¶17     Turning to the second *Carr* factor, the administrative judge found that the deciding official would have had no motive to retaliate against the appellant based upon her disclosure. B-2 RID at 6. In support of this finding, the administrative judge stated that, although the appellant's supervisor and several employees working on the Dry Tortugas project were subordinates of the deciding official, neither the deciding official nor the appellant's supervisor were responsible for the project. *Id.* Rather, as the administrative judge correctly found, the person responsible for the project was not under the command or control of the Everglades. *Id.* In *Whitmore*, however, the court cautioned the Board against taking an unduly dismissive and restrictive view of retaliatory motive, holding that "[t]hose responsible for the agency's performance overall

---

instructions, which was supported by seven specifications. *See* IAF, Tab 15, Subtab 4M at 1, Subtabs 4N, 4S. By memorandum dated April 26, 2006, the deciding official sustained four of the seven specifications and mitigated the proposed suspension to a 2-day suspension. *Id.*, Subtab 4S.

may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Whitmore*, 680 F.3d at 1370.

¶18    We find the administrative judge erred in taking an overly restrictive view of the second *Carr* factor. Although neither the deciding official nor the appellant's supervisor was directly implicated in the appellant's disclosure, it arguably reflected poorly on them in their capacity as managers, which is sufficient to establish a retaliatory motive. *See Chambers*, 116 M.S.P.R. 17, ¶ 69 (finding motive to retaliate because the appellant's disclosures reflected on the responsible agency officials as representatives of the general institutional interests of the agency). Thus, we find that there may have been some motive to retaliate against the appellant for her protected disclosure.

Evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

¶19    Regarding the third *Carr* factor, there is no evidence indicating that any nonwhistleblowing comparator employees were treated differently than the appellant. Therefore, this is not a significant factor for the Board's analysis in the instant appeal. *See Whitmore*, 680 F.3d at 1374 (noting that the agency is not required to submit evidence as to each *Carr* factor, and recognizing that the absence of evidence relating to the third *Carr* factor "can effectively remove that factor from the analysis").

¶20    Weighing the two remaining *Carr* factors against one another, we agree with the administrative judge that the agency has met its burden of showing by clear and convincing evidence that it would have terminated the appellant absent her protected disclosure. *See* B-2 RID at 6-7. Although the agency officials involved in the termination decision had some motive to retaliate, the agency had a very strong basis to terminate the appellant because of her misconduct and poor

performance.   Therefore, we conclude that the administrative judge properly denied the appellant's request for corrective action.  B-2 RID at 2, 7.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.